# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

FRONTIER WEST VIRGINIA INC., et al.,

        Plaintiffs,

v.                                                                    CIVIL ACTION NO.   2:17-cv-03560

GOVERNOR JIM JUSTICE II,
    solely in his official capacity as Governor
    of the state of West Virginia, et al.,

        Defendants.

and,

WEST VIRGINIA CABLE TELECOMMUNICATIONS
ASSOCIATION INC.

        Plaintiff,

v.                                                                    CIVIL ACTION NO.   2:17-cv-03609

JAMES C. JUSTICE JR.,
    in his official capacity as Governor
    of West Virginia, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the Plaintiffs' Joint Motion for Summary Judgment. (ECF No. 59.) For the reasons discussed below, the motion is **GRANTED** and Defendants are **ENJOINED** from enforcement of Article 4 of West Virginia Code Chapter 31G ("Article 4").

1

## I. BACKGROUND

In 2017, West Virginia passed House Bill 3093. Article 4 of House Bill 3093, entitled "Make-Ready Pole Access," purports to supplant the federal regulations by establishing a different "make-ready" process for utility poles in West Virginia. W. Va. Code § 31G-4 (2017). Plaintiff Frontier West Virginia, Inc. filed a complaint for declaratory and injunctive relief in this Court on July 7, 2017. (ECF No. 1.) West Virginia Cable Telecommunications Association Inc. filed a similar suit in this Court under Civil Action No. 2:17-cv-03609, ECF No. 1. These two cases were consolidated under 2:17-cv-03560 on October 12, 2017. (ECF No. 43.) Plaintiffs maintain that because the state of West Virginia failed to "satisfy statutory conditions for reverse preemption of federal authority, 47 U.S.C. § 224 precludes West Virginia from regulating the rates, terms, and conditions of the pole attachments under the FCC's jurisdiction" and Article 4 is therefore preempted under the Supremacy Clause of the United States Constitution. (*See* ECF No. 1 at 10.)

Plaintiffs filed this joint motion for summary judgment and memorandum in support of their motion on April 2, 2018. (*See* ECF No. 60.) Defendant Commissioners, as the only surviving defendants following a hearing that resolved various motions including motions to dismiss, (*See* ECF No. 54 & 55), responded to the motion for summary judgment on April 17, 2018, (*see* ECF No. 62), and Plaintiffs filed their reply memorandum on April 25, 2018, (ECF No. 63.) The motion is fully briefed and ripe for adjudication.

## II. STANDARD OF REVIEW

Summary judgment is proper where the pleadings, depositions, and affidavits in the record show that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

(1986). If there exist factual issues that properly can be resolved only by a trier of fact because they may reasonably be determined in favor of either party, summary judgment is inappropriate. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986). *See also Pulliam Inv. Co., Inc. v. Cameo Props*., 810 F.2d 1282, 1286 (4th Cir. 1987). The moving party bears the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 322–23. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Id.* The nonmoving party may not avoid summary judgment "by submitting an affidavit that conflicts with earlier deposition testimony." *Alba v. Merrill Lynch & Co.*, 198 Fed. App'x 288, 300 (4th Cir. 2006) (citing *Barwick v. Celotex Corp.*, 736 F.2d 946, 960 (4th Cir. 1984)). When determining whether there is an issue for trial, the Court must view all evidence in the light most favorable to the nonmoving party. *Mellen v. Brunting*, 327 F.3d 355, 363 (4th Cir. 2003). The nonmoving party may not rest on the pleadings alone and must show that specific material facts exist by offering more than a mere "scintilla of evidence" in support of his position. *Anderson*, 477 U.S. at 252.

### III. DISCUSSION

Defendants do not dispute that Article 4 conflicts with the Federal Communication Commission's regulatory regime governing pole attachments, nor do they dispute that Article 4 is preempted because of the conflict under the Supremacy Clause of the United States Constitution. (*See* ECF No. 2–6.) As a result of this agreement on the merits between the parties, there is no issue for this Court to determine. Therefore, the Court must enjoin the enforcement of Article 4.

Subsequent developments or actions taken by the West Virginia Legislature or other appropriate entities could lead to the dissolution of the injunction, however further action by this Court will have to wait until such developments have occurred.

### IV.  CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiffs' Joint Motion for Summary Judgement, (ECF No. 59), **DECLARES** that Article 4 of West Virginia Code Chapter 31G is preempted by federal law as applied to privately owned utility poles, and Defendants are **PERMANENTLY ENJOINED** from enforcing, applying or otherwise giving effect to Article 4 as applied to privately owned utility poles.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:  June 14, 2018

_____
THOMAS E. JOHNSTON, CHIEF JUDGE

4